PETER THOMANN, Individually and for the Benefit of Approximately 225 Permit Men of Local Union 345 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Similarly Situated, Respondent, v. CHARLES FLYNN, as President of Local Union 345 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Appellant.— Action for a permanent mandatory injunction and for damages. Plaintiff sues on behalf of himself and others similarly situated to be reinstated to membership in the trades union of which the defendant is president, on the ground of improper exclusion or expulsion from the rights, benefits and privileges of membership. Order framing issues of fact for trial by a jury modified by striking therefrom items, 2, 3, 4 and 5, and by inserting therein two additional items framed to cover the issues of fact arising from the denial of the allegations in paragraphs fourteenth and fifteenth of the complaint, and as thus modified affirmed, without costs, for the reasons stated in *Meinhardt* v. *Flynn* (*ante*, p. 783), decided herewith. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur. Settle order on notice.

TILYOU REALTY Co. and MARY F. KRAMER, as Executrix, etc., of THEODORE W. KRAMER, Deceased, Respondents, v. IRVING ROSENTHAL, Appellant.— In an action on a promissory note, defendant appeals from a judgment against him for $16,932.94, including interest and costs. Defendant denied only non-payment of the note and pleaded defenses of release, novation and want of consideration, and counterclaimed for the reformation of certain agreements, which reformation, if granted, would have relieved him from personal liability upon the note in suit. Judgment unanimously affirmed, with costs. Appeal from decision dismissed. The provision in the lease in evidence, relieving defendant from liability thereunder in case the lease was assigned, as it was, to a corporation subsequently formed, of which defendant was an officer, did not release him from an oral agreement, found by the trial court, on sufficient evidence, to have been made before the lease was executed, to pay back taxes and water rates on the leased premises, with interest thereon, in the amount of $55,121.28. Defendant's payment of considerable amounts on account of such taxes, water rates and interest during a period of more than a year after the lease was assigned showed a practical construction of the lease on the part of the parties which accords with its plain terms and with the trial court's interpretation of it. As to the claim for reformation, the evidence in the record does not warrant the reformation of any agreement here involved so as to relieve the defendant from his obligation upon the note in suit. (*Halbe* v. *Adams*, *No. 1*, 176 App. Div. 588, and cases there cited.) Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.